UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

 JOHN A. CRESPO, Jr.; MICHAEL J. AQUILINA;
MARY ANN AUCKLAND; CHARLIE BARKOWSKI;
STEVEN A. CAPPON; JAMES DeCANN;
CHRISTOPHER HOWELL; VINCENT LOMBARDINI;
RICHARD M. ORSINO; ROBERTO ORTIZ;
DANIEL POWELL; JOHN TADDONIO;
KENNETH M. WILLIS, on behalf of themselves
and all others similarly situated,

                                                    Plaintiffs,

                                                                    DECISION AND ORDER

                                                                    10-CV-6590L

                        v.


COUNTY OF MONROE, NEW YORK;
MONROE COUNTY SHERIFF'S DEPARTMENT;
PATRICK M. O'FLYNN, in his official capacity as MONROE
COUNTY SHERIFF,

                                                    Defendants.

_____


        This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201

*et seq.*, and the New York Labor Law.  Plaintiffs, employees of the Monroe County Sheriff's

Department, contend that they have been denied wages to which they are entitled, primarily in

connection with their attendance at certain "roll call briefings" at the start of their daily shifts.

        On May 20, 2015, the Court issued a Decision and Order ("summary judgment decision")

(Dkt. #57), 2015 WL 2406112, familiarity with which is assumed, granting in part and denying

in part both plaintiffs' and defendants' motions for summary judgment.  In that decision, the

Court made certain findings, as a matter of law, in favor of both plaintiffs and defendants.

Defendants have now moved for "reconsideration" of the Court's summary judgment

decision, pursuant to Rules 54(b), 59(e) and 60(b) of the Federal Rules of Civil Procedure.

Defendants contend that the undisputed facts demonstrate that plaintiffs cannot establish a

violation of the FLSA, and that the Court should dismiss the complaint in its entirety.

## DISCUSSION

While the Federal Rules of Civil Procedure do not expressly provide for a motion to

"reconsider" a prior order, *see Nelson v. American Home Assur. Co.*, 702 F.3d 1038, 1043 (8th

Cir. 2012), that term is often used, as here, to encompass motions brought for relief from a prior

judgment.  Defendants here rely on:  Rule 54(b), which provides in part that "any order ... that

adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties...

may be revised at any time before the entry of a judgment adjudicating all the claims and all the

parties' rights and liabilities"; Rule 59(e), which provides that "[a] motion to alter or amend a

judgment must be filed no later than 28 days after the entry of the judgment"; and Rule 60(b),

which provides that a court may relieve a party from a final judgment on any one of several

grounds, including, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect," or "any

other reason that justifies relief."

As many decisions have made clear, such motions are, in general, not looked on favorably. All too often, they represent little more than an attempt to reargue issues on which the movant failed to persuade the court the first time around. *See Wann v. Holder*, 539 Fed.Appx. 587, 587 (5th Cir. 2013); *Katt v. Riepe*, No. CV-14-8042, 2015 WL 4603231, at *1 (D.Ariz. July 31, 2015); *Hazelquist v. Klewin*, No. 14-CV-007 (E.D.Wash. July 23, 2015). For that reason, motions for reconsideration are typically not granted unless the moving party can point to a change in the law, or controlling law or evidence that the court overlooked in reaching its original decision. *Cioce v. County of Westchester*, 128 Fed.Appx. 181, 185 (2d Cir. 2005).

In accordance with that general principle, a court may, in its discretion, reconsider its previous ruling if: "(1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice." *United States v. Billini*, No. 99 CR. 156, 2006 WL 3457834, at *1 (S.D.N.Y. Nov. 22, 2006). Thus, while so-called reconsideration may be appropriate where necessary to correct for "clear error" or to "prevent manifest injustice," *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004), it should not be employed merely as a means to reargue that which was previously decided. *See Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013).

In the case at bar, defendants principally argue that the evidence establishes that plaintiffs are employed for a seven-day work period, consisting of five days of work followed by two days off. As explained in the summary judgment decision, that matters because the FLSA provides a

partial exemption from its overtime requirements for law enforcement personnel, but a threshold requirement for that exemption is that the employer must utilize a work period of at least seven days.  *See Crespo*, 2015 WL 2406112, at *9 (citing 29 U.S.C. § 207(a)).

Defendants contend that the parties' collective bargaining agreement ("CBA") conclusively establishes that they have used a regularly recurring, seven-day work period, consisting of five days on, followed by two days off.  In support of their argument, defendants largely repeat arguments that they previously made, and cite cases that they previously cited, in support of their original motion.

This Court's summary judgment decision did address the distinction between a "work period" and a "work week."  *See* 2015 WL 2406112, at *9-*11.  Defendants contend, however, that in doing so, the Court erred in describing as "unsupported" the affidavit of Monroe County's Human Resources Director Brayton Connard, in which he stated that under the CBA, the parties had established a work week of 7.5 hours per day, Monday through Friday, but that they also "established [that the] work period for the purposes of calculating hours worked in a week is a seven day period that commences on Saturday and ends on Friday."  *See id.* (quoting Dkt. # 44–2 ¶ 9).

Contrary to defendants' present assertion, the Court did take note of Connard's reliance on the time records of one particular deputy, Richard Orsino.  *See id.* at *8.  The Court referenced that evidence in the context of discussing the math used in calculating plaintiffs' overtime payments, but the Court was well aware of that evidence, and I do not believe that it demonstrates that the County generally used a seven-day work period.  As stated, the distinction

- 4 -

between a "work period" and a "work week" was explained in the summary judgment decision, and the fact that an individual, Monday-through-Friday employee might have worked an occasional Saturday shift does not show that the employer utilized an "*established and regularly recurring* period of work" of at least seven days. *See* 29 C.F.R. § 553.224(a) (emphasis added).

Defendants further contend that the Court's holding concerning the treatment of compensatory time credits mandates dismissal of the complaint. In the summary judgment decision, the Court held that "[c]ompensatory time off, for hours worked between 37.5 and 40 in a workweek, must be counted as income when utilized by the employee, not when earned." 2015 WL 2406112, at *13. The significance of that issue is explained in the Court's prior decision, but in general it relates to the calculation of plaintiff's "regular rate of pay" under the FLSA.

Defendants do not now appear to contend that the Court actually erred in its finding; rather, they argue that the Court's finding necessitates the dismissal of plaintiffs' remaining claims. In support of that assertion, defendants point to the parties' "Joint Statement of Facts and Issues in Dispute Regarding Plaintiffs' 'Regular Rate of Pay' under the FLSA" (Dkt. #54) that they filed (at the Court's request) in connection with their prior motions for summary judgment. Under the heading "Damages," the parties "agree[d] that if Defendants are correct about the treatment of compensatory time with respect to the calculation of the regular rate, then there are no damages." Dkt. #54 ¶ 21.

In effect, defendants' present motion with respect to this issue is in the nature of an *in limine* motion. Defendants contend that the evidence and the Court's prior rulings establish that plaintiffs cannot recover damages, and that there is thus nothing left to go to trial.

Discovery is now closed in this case, *see* Dkt. #34, and following the Court's summary judgment decision, the case is presumably ready for trial.  If defendants believe that there is nothing left to try in this case, they may file an appropriate motion *in limine*, as set forth in the Conclusion below.

## CONCLUSION

Defendants' motion for reconsideration (Dkt. #58) is denied.

By separate order, the Court will schedule a conference to set a trial date and a schedule for any other pretrial proceedings.  The Court anticipates that the schedule will afford the parties an opportunity to address, by way of one or more *in limine* motions, the issue of damages, particularly in light of the parties' "Joint Statement of Facts and Issues" (Dkt. #54).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 12, 2015.

- 6 -